## Case No. 8,572.

### In re LOWENSTEIN et al.

[3 Ben. 422; [1] 3 N. B. R. 268 (Quarto, 65).]

District Court, S. D. New York. Oct., 1869.

COSTS IN INVOLUNTARY BANKRUPTCY PROCEEDINGS—MARSHAL'S FEES—SET-OFF.

1. Where a petition in involuntary bankruptcy is dismissed, with costs as against the petitioner, the petitioner's debt against the bankrupt will not be allowed to be set off against the costs.

2. In order to the taxation of charges by the marshal for the keeping of property in such proceedings. under the 47th section of the bankruptcy act [of 1867 (14 Stat. 540)], it must be shown that such expenses are just and reasonable, and have been actually incurred and paid by the marshal.

[Approved in Re Comstock, Case No. 3,075.]

[A petition for adjudication in bankruptcy was filed against Samuel Lowenstein and Rosa Lowenstein by Julius Katzenburg. Upon hearing the petition was dismissed with costs. Case No. 8,574. It is now heard upon appeal from taxation of costs.]

G. A. Seixas, for creditor.
J. H. V. Arnold, for debtors.

BLATCHFORD, District Judge. This is an appeal, by the petitioning creditor, from the taxation of costs by the register, on the dismissal of the petition, in a proceeding in involuntary bankruptcy. The items allowed, and complained of by the creditor, were all of them properly allowed, except the item of $1,007.50, for 403 days, at $2.50 per day, allowed to the late marshal, as expenses of keeping property, from November 11th, 1867, to December 17th, 1868. The item is charged by the late marshal, as expenses. But his affidavit in regard thereto is defective, inasmuch as it only states that such expenses were necessarily incurred by him, and are just and reasonable. It ought to state that they have been actually incurred and paid by him, and are just and reasonable. The 47th section of the bankruptcy act allows to the marshal, for custody of property, "his actual and necessary expenses, upon returning the same in specific items, and making oath that they have been actually incurred and paid by him, and are just and reasonable, the same to be taxed or adjusted by the court, and the oath of the messenger shall not be conclusive as to the necessity of such expenses." By the fee bill of February 26th, 1853 (10 Stat. 164), the marshal is allowed the necessary expenses of keeping property attached or libelled in admiralty, not exceeding two dollars and fifty cents per day. The word "expenses" implies an expenditure or payment, and nothing can be allowed as expenses, under section 47, which is not shown affirmatively to have been necessary, and just and reasonable in amount, and to have been

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

actually paid. The rule in admiralty is, that, to authorize an allowance for a keeper, it must be shown that he was necessarily employed, from a prudent precaution in regard to the interests of all concerned in the property; that he actually continued in charge of the property for the time charged; and that the sum charged was not only paid, but was reasonable for the service. The Trial [Case No. 14,170]. The same rule has been applied to the case of a seizure by the marshal of property proceeded against by the United States, by information, as forfeited under the internal revenue laws. U. S. v. 300 Barrels of Alcohol [Id. 16,509]. The proofs taken in the present case, on the taxation before the register, are not sufficiently full as to the necessity for the employment of the keeper charged for, or as to his actual daily continuance in custody of the property. As to his payment, they not only do not show that he was paid the amount charged, but they show that he was paid but a small part of it. The rule laid down in the case last cited is the proper one, and must be followed. It is this: "The sum actually paid a keeper to watch property in custody, not exceeding $2.50 a day, may be taxed by the clerk, upon satisfactory proof that a prudent precaution in regard to all concerned in the property justified the marshal in placing a keeper over it; that the keeper actually continued in charge of it for the time specified; and that the sum charged therefor is reasonable for the service, and has been actually paid by the marshal." The case is referred back to the register, as to this item of keeper's fees, to take further proofs, if offered, and tax the item on the principles above laid down. The motion made by the petitioning creditor, to offset his claim against the debtor against the costs, when taxed, is denied.